TRADERS' & TRAVELLERS' ACC. CO. OF NEW YORK v. WAGLEY.

(Circuit Court of Appeals, Second Circuit.   May 28, 1896.)

1. ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—"BEING ON RAILWAY ROAD-BED."

One W. held a policy of accident insurance in defendant company, which provided that it should not cover "injuries or death resulting from, or caused, directly or indirectly, wholly or in part, by * * * voluntary exposure to unnecessary danger, * * * walking or being on a railway bridge or roadbed, * * * nor to negligence contributing to the injury or death." W. went to a railroad station, to meet his sister on an arriving train.   He stood on the sidewalk, at a highway crossing beside the station, on the opposite side of the tracks from the platform.   As the train approached, thinking his sister could alight more easily on the platform side, he started to cross the tracks, a distance of about 12 feet; and, as he was stepping on the platform, he was struck by the train, and killed.   W.'s wife, the beneficiary of the policy, brought an action against the insurance company.   *Held*, that the phrase "walking or being on a railway bridge or roadbed" was not to be construed with absolute literalness, and did not obligate the insured not to cross a railroad, at the place provided for the public to cross it, on a public thoroughfare.

2. CHARGING JURY—QUESTIONS SUBMITTED.

The court ruled that certain letters from the officers of the insurance company, rejecting the claim on the policy, on the ground that W. voluntarily exposed himself to unnecessary danger, amounted to a waiver of all other defenses; but it permitted defendant's counsel to argue to the jury as to the fact of negligence, and charged the jury that plaintiff was entitled to a verdict, unless they were satisfied that W.'s death was caused by voluntary exposure to unnecessary danger, or by negligence contributing thereto on his part.   *Held* that, although there was not sufficient proof of a waiver of any defenses, the court did not, in fact, withdraw the question of negligence from the jury, or deprive the defendant of any defense on which it had a right to rely.

3. CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

It was night, and dark, when the accident occurred.   The evidence was conflicting as to the distance of the train from W. when he started to cross the track, and also as to the speed at which it was approaching, though it was undisputed that he saw the train.   *Held*, that the question of W.'s contributory negligence was properly left to the jury.

This case comes here upon writ of error to the circuit court, Southern district of New York, to review a judgment entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below, against plaintiff in error, who was defendant below.

John M. Scribner, for plaintiff in error.
Chas. E. Hughes, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.   The action is founded upon a policy or certificate of insurance issued by defendant corporation to Dr. John L. Wagley, the husband of the plaintiff.   The corporation insured Wagley during a specified period against personal bodily injuries through "external, violent, and accidental means," and, in case of his death resulting from such injuries, the policy provided that the company should pay his wife (the plaintiff) the sum of $5,000.   Wagley was killed during the lifetime of the policy, by

being struck by the pilot of a locomotive engine while crossing the tracks of the Gulf, Colorado & Santa Fé Railroad at the passenger station at Cleburne, in state of Texas. The policy was issued and accepted upon the condition that the contract of insurance "shall not cover * * * injuries or death resulting from or caused directly or indirectly, wholly or in part, by * * * voluntary exposure to unnecessary danger and hazard or perilous adventures; walking or being on a railway bridge or roadbed; * * * nor to negligence contributing to the injury or death." It was upon this condition that defendant relied, there being no dispute that the assured voluntarily crossed the tracks in advance of an approaching train.

The several assignments of error which have been presented to this court are as follows:

1. That the court erred in confining the defendant to the single defense of "voluntary exposure to unnecessary danger."

The learned judge seems to have been of the opinion that certain letters of the executive committee and of the secretary addressed to plaintiff, and stating that his claim "must be rejected upon the ground that the testimony establishes beyond dispute that the deceased voluntarily exposed himself to unnecessary danger, which was the cause of his death," operated as a waiver of all other defenses, or as an estoppel against setting up contributory negligence or other violation of essential conditions of the policy. Many authorities are cited by defendant in error in support of this proposition, but nearly all of them relate to such technical defenses as failure to serve proofs of loss at all, or within some specified period, or in some prescribed form. It is unnecessary to discuss this branch of the case at any length, because, although we do not concur in the opinion that there was sufficient proof of waiver or estoppel, we do not find that defendant was, by any ruling of the trial court, deprived of any defense of which it was entitled to avail itself.

(a) The court declined to submit to the jury any question about the assured being on the roadbed, but in this there was no error. The phrase "walking or being on a railway bridge or roadbed" is not to be construed with absolute literalness. If it were, there could be no recovery if the assured were killed wholly without his fault while seated in a colliding train, if the collision happened on a bridge. The condition is a warranty by the assured that he will not intrude upon that part of the roadbed which is not also a part of the highway or public thoroughfare, that he will not loiter on the track, but does not obligate him not to cross a railroad bed at the place provided for the public to cross at. Duncan v. Association (Super. N. Y.) 13 N. Y. Supp. 620. The deceased crossed the track at the station where the public was accustomed to cross, and, in so crossing, was not "walking on a railway roadbed" in any such sense as would entitle the company to avoid the policy, irrespective of any proof as to Wagley's negligence.

(b) The court did not in fact withdraw the question of negligence from the jury. When, at the close of the proofs, announcement

was made of the ruling as to the letter of the executive committee, the judge expressly states to counsel: "You may, of course, argue to the jury as to the fact of negligence." And the jury was charged that plaintiff was entitled to a verdict "unless the jury is satisfied by a preponderance of evidence that the death was caused by voluntary exposure to unnecessary danger, or by negligence contributing thereto on the part of the insured." The defendant was sent to the jury upon the only two defenses on which it was entitled to rely.

2. It is assigned as error that the court refused to direct a verdict in favor of the defendant, on the ground that the assured voluntarily exposed himself to unnecessary danger, or that his own negligence contributed to cause the accident.

Briefly stated, the material facts are these: On the evening of December 13, 1893, Dr. Wagley left his home, and went to the depot on the Gulf, Colorado & Santa Fé Railroad, to meet his sister, who was expected to arrive on a north-bound train, which was due at 6:45, was about half an hour late, but was scheduled to stop there. He carried a lantern, so that, if he found his sister able to walk, they could walk back from the depot by the light of the lantern. He went first into the waiting room of the passenger depot. When the train whistled, about three miles south of Cleburne, he left there, and proceeded to a point directly opposite the southwest corner of the passenger platform, standing on the sidewalk of Chambers street, which the tracks cross at grade. The sidewalk is 12 feet wide, and is overlapped by the southern end of the platform, which was used as a part of the crossing. From where he stood, to the platform opposite, was about 12 feet. While standing there, it seems to have occurred to him that it might be more convenient for his sister, who was an invalid, to alight on the platform side. He accordingly started across the tracks for the platform, a distance of only 12 feet, and, as he put one foot upon the platform, he was struck by the pilot of the engine, and killed. There was no dispute that he saw the train coming before he started across.

Whether crossing a railroad track in front of an advancing train is or is not "negligence," or "voluntary exposure to unnecessary risk," is a question materially dependent upon the distance to be covered by the individual, the distance to be covered by the train, and the speed at which the latter is approaching. In the case at bar it is not disputed that the distance across was only 12 feet, but there was a great conflict of evidence both as to the speed of the train and as to its distance from Dr. Wagley when he started across. There was no error, therefore, in leaving it to the jury, under proper instructions, to pass upon this conflicting proof; especially as there was evidence in the case from which they might reach the conclusion that the engine was distant 100 feet or more, and that the deceased had every reason to suppose that the train was running at its usual rate of speed when approaching this station, namely, 6 miles an hour, while in fact it was running at a speed of from 20 to 25 miles an hour. We are satisfied that it was

not error to decline to direct a verdict for the defendant upon this proof.

3. It is contended that the court erred in declining to charge defendant's third request, as follows:

"If the jury find that Dr. Wagley, by reason of his own negligence, contributed to his injury and death, then the plaintiff in this action is not entitled to recover, and the jury must render a verdict in favor of the defendant."

The court had already charged, in the language hereinbefore quoted, that "negligence contributing thereto on the part of the insured" would be sufficient reason for defeating plaintiff's recovery. It was under no obligation to charge the same proposition over again in another form of words.

So, too, the refusal to charge defendant's fifth, sixth, seventh, and fourteenth requests was not error. They set forth in detail some of the facts of the case, and rehearse with more elaboration the proposition that the deceased was bound to use his senses, to be careful, cautious, and diligent to avoid unnecessary risks. The court, however, had already referred to the facts with sufficient fullness, and had correctly instructed the jury as to the law; more he was not called upon to do.

The judgment of the circuit court is affirmed.